# DECEMBER 20, 1939

## A. B. BAUGH V. THE STATE.

No. 20551. Delivered November 1, 1939.
Rehearing Denied December 20, 1939.

The opinion states the case.

*Russell & Edwards,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for misdemeanor theft; the punishment assessed is confinement in the county jail for one day and a fine of $100.00.

It appeare from the record that appellant and one, Walter Bruton, were charged with the theft of an automobile trailer from J. R. Mason. Bruton testified on behalf of the State that he was employed by appellant to aid him in the theft and that he received $1.50 for his services. He stated that he and the appellant went to the premises of J. R. Mason, hitched the trailer to appellant's car, and took it away. Mason, the owner of the trailer, testified that the trailer was stolen from his premises. The State further proved that several months later appellant was found in the possession of said trailer. Appellant denied stealing the trailer, and testified that one day as he and a party of friends were out bird hunting, they discovered the trailer in the woods, without the wheels thereon. In this

he is corroborated by members of the hunting party. About two weeks later he stated that he went back and found the wheels nearby covered with leaves. He then went to the justice of the peace and told him of having found the trailer and asked if it would be proper for him to take the same. The justice of the peace told him to take it. In this he is also corroborated by the justice of the peace.

Appellant's principal contention is that the accomplice witness, Bruton, is not sufficiently corroborated as to the theft of the trailer, and that therefore the evidence is not sufficient to sustain his conviction. He cites us to a number of authorities which he claims sustain his position. We have examined them but are unable to agree with him that under the facts of this case they are applicable here. It will be noted from the foregoing brief statement of the testimony that an issue of fact was raised as to whether the appellant stole the trailer or found it. The determination of this question rested exclusively with the jury, who decided the issue adversely to appellant's contention. The jury had a right to accept the State's version of the case as true and disregard that offered by appellant. We think the evidence is sufficient to justify and sustain the jury's conclusion of appellant's guilt.

Some complaint is made of the court's charge. An examination of the same reveals that the charge actually given by the court was much more favorable to the appellant than the one which he requested. Consequently he has no right to complain thereof.

No error of a reversible nature appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

CHRISTIAN, Judge.

In his motion for rehearing appellant renews his contention that the testimony is not sufficient to corroborate the accomplice witness. After re-examining the statement of facts we find ourselves unable to agree with this contention.

We remain of opinion that appellant's affirmative defense was adequately submitted in the charge of the court.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.